IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS KLEIN, | : | |
| | : | CIVIL ACTION NO. **3:CV-11-2057** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, et al., | : | |
| | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Background.

On November 3, 2011, Plaintiff, Dennis Klein, currently a resident of Dingmans Ferry, Pike County, Pennsylvania, filed, *pro se*, another action with this Court, alleging fraud and conspiracy by Defendants United States of America, Magistrate Judge "Smyer" (sic)[1] and U.S. Bank a/k/a GMAC, with respect to a mortgage foreclosure action instituted against him by U.S. Bank in the Pike County Court of Common Pleas.[2]  (Doc. 1).  Plaintiff paid the filing fee.  Plaintiff alleges that

---

[1]Judge J. Andrew Smyser is a United States Magistrate Judge for the U.S. District Court for the Middle District of Pennsylvania.  We will spell his name correctly throughout this Report and Recommendation.

[2]Plaintiff's *pro se* Complaint consists of three (3) typed pages with voluminous attached exhibits.  Plaintiff's exhibits and the relevance of same are not clear, and they are not marked or labeled. The exhibits include a document which appears to show a mortgage which is not owned by Freddie Mac, however, there is no indication of the mortgage referenced.  Another exhibit  is information about the Fair Housing Finance Agency ("FHFA") suing firms to recover losses, none of which appear to be the firms Plaintiff is suing. The next exhibit is uncited foreclosure information.  The last exhibit is a large verified complaint from the Chancery Court of Delaware which is the *State of Delaware v. MERSCORP, Inc.*, a mortgage electronic registration system.

We also note that Plaintiff Klein has filed six Chapter 13 bankruptcy cases in the United

Defendant U.S. Bank, a/k/a GMAC, defrauded him in the state court foreclosure action since it failed to prove it had the right to foreclose against his house by producing the Mortgage and Promissory Note on which the Bank was claiming to foreclose.  Plaintiff also states that since Defendant U.S. Bank, a/k/a GMAC did not possess his mortgage in question, it could not show legal ownership of his house.  Plaintiff additionally seems to aver that Defendant U.S. Bank defrauded him by failing to produce the Note showing it had the legal right to foreclose on his house.  Plaintiff also avers that Defendants' main goal is "to steal [his] house."  Plaintiff states that Defendants U.S. Bank/GMAC claim they do not own the Promissory Note and that they refused to accept his $9000 payment in March 2009.  (Doc. 1, p. 2).  Thus, it appears that Plaintiff is again asserting a Fourteenth Amendment due process claim against Defendant U.S. Bank with respect to the deprivation of his property, which is tantamount to a civil rights action pursuant to 42 U.S.C. § 1983

---

States Bankruptcy Court for the Middle District of Pennsylvania, as follows: (1) 07-bk-53221 RNO; (2) 09-bk-08010 JJT; (3) 10-bk-01012 RNO; (4) 10-bk-01942 RNO; (5) 10-bk-02809; and (6) 10-bk-04614 JJT.

Also, Plaintiff recently filed two prior actions with this Court, *Klein v. U.S. Bank*, *N.A.*, 09-1705, M.D. Pa., and *Klein v. U.S. Bank,* 10-1690, M.D. Pa.  Both of Plaintiff's recent prior cases raised very similar claims as he raises in his present case.  *See Klein v. U.S. Bank, N.A.*, 2010 WL 703255 (M.D. Pa. 2-25-10), *Klein v. U.S. Bank, Et al.*, 2010 WL 5014351 (M.D. Pa. 3-03-2010).  On February 25, 2010, the Court dismissed Plaintiff's case # 09-1705 without prejudice.  *See Klein v. U.S. Bank, N.A.*, 2010 WL 703255 (M.D. Pa. 2-25-10).  On December 3, 2010, the Court dismissed Plaintiff's case #10-1690 with prejudice against GMAC and U.S. Bankruptcy Court.  *See Klein v. U.S. Bank, Et al.*, 2010 WL 5014351 (M.D. Pa. 3-03-2010).  Plaintiff also filed another case with this Court, *i.e.* #11-1466.  On October 27, 2011, Magistrate Judge Smyser issued an R&R and recommended that the Court grant the Defendants' Motions to Dismiss Plaintiff Klein's Complaint and that Plaintiff be granted leave to file an amended complaint.  (*See* Doc. 17, Civil No. 11-1466).  On January 10, 2012, the District Court adopted Magistrate Judge Smyser's R&R.

Further, Plaintiff filed case # 04-1501, M.D. Pa., and it was  dismissed on December 29, 2004, and case # 06-0038, in which the Motion to Dismiss was granted.

2

if it involves a state actor or agency.  Plaintiff states that he names Magistrate Judge Smyser as a Defendant since Smyser failed to stop the foreclosure at issue in his prior case, Civil No. 11-1466, M.D. Pa.   Insofar as Plaintiff claims that Defendant Magistrate Judge Smyser violated his constitutional rights, Plaintiff's action is under *Bivens* and pursuant to 28 U.S.C. § 1331.   Plaintiff states that he has been in court for five years regarding his claims and that he is "getting a run around by the courts."

As relief, Plaintiff requests $100,000 in damages for the violation of his civil rights.

On November 18, 2011, Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC, filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[3]  **(Doc. 6)**.  Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC, also attached exhibits to their Motion and filed their support brief. (Docs. 6-1 and 6-2).   On November 23, 2011, Defendants United States and Magistrate Judge Smyser filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and a support brief.  **(Docs. 7** and 8).  Plaintiff filed his opposition briefs on November 29, 2011, and on December 27, 2011.  (Docs. 10 and 13).  On December 6, 2011, Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC, filed their reply brief.  (Doc. 11).   Defendant United States and Magistrate Judge Smyser did not file a reply brief.

The stated two Motions to Dismiss Plaintiff's Complaint **(Docs. 6 and 7)** are ripe for disposition.[4]

---

[3]Defendant "U.S. Bank a/k/a GMAC," states that it is properly known as U.S. Bank, N.A. and GMAC Mortgage, LLC, and that they are two separate entities.  (Doc. 11).  We shall correctly refer to the Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC, in this R&R.

[4]The undersigned was assigned this case for pre-trial matters.

Both sets of moving Defendants argue that Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine, claims preclusion, *res judicata* and the statute of limitations, and that it fails to state a claim. Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC further state that Plaintiff did not properly serve them with his Complaint. In addition to stating that Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine and that it fails to state a claim, Defendants United States and Smyser argue that sovereign immunity bars Plaintiff's official capacities claims against them. Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC also request that the Court issue an injunction against Plaintiff under the All Writs Act, 28 U.S.C. §1651(a), preventing him from filing any further actions against them without leave of Court based on the repetitive frivolous Complaint he has already filed in this Court against them. (Doc. 6-2, pp. 11-12).

We agree with Defendants' contentions and shall recommend that their Motions to Dismiss be granted.

In Plaintiff's Civil No. 10-1690 case he filed with this Court, he alleged fraud and conspiracy by Defendants U.S. Bank, a/k/a GMAC, and the United States Bankruptcy Court, Middle District of Pennsylvania, with respect to the  mortgage foreclosure action instituted against him by U.S. Bank in the Pike County Court of Common Pleas, and with respect to his subsequent bankruptcy filings.[5]  (Doc. 1). Plaintiff alleged that Defendant U.S. Bank, a/k/a GMAC, defrauded him in the

---

[5]Also, as we noted in our R&R in Civil No. 10-1690, Plaintiff recently filed a prior action with this Court, *Klein v. U.S. Bank, N.A.*, 09-1705, M.D. Pa., which raised very similar claims as raised in his 10-1690 case. *See Klein v. U.S. Bank, N.A.*, 2010 WL 703255 (M.D. Pa. 2-25-10). As Defendant U.S. Bank pointed out in the 10-1690 case, Plaintiff's "current complaint filed in this Court is strikingly similar to the one filed in the previous District Court  case."  Also, as Defendant stated, Plaintiff's 10-1690 Complaint alleged "the same wrongs and [seeks] the same relief [as his prior 09-1705 Complaint] by way of slightly different causes of action." We agreed with Defendant and found that Plaintiff was essentially presenting in his 10-1690 case his same

state court foreclosure action since it failed to prove it had the right to foreclose against his house by producing the Promissory Note it was claiming to foreclose on, and that the U.S. Bankruptcy Court improperly suppressed evidence in his bankruptcy case and failed to require U.S. Bank to prove that it had the legal right to foreclose on his house.  Plaintiff also averred that Defendants "are trying to defraud [him] of [his] house [which] is in [violation] of [his] civil rights."

In his 10-1690 case, Plaintiff further averred that Defendant "can not locate the mortgage [to his house] making this a case of fraud by [Defendant U.S. Bank]."  Plaintiff concluded his allegations by stating that Defendant U.S. Bank could not validate his debt and that it never produced a "Verified Declaration of the Debt."  Thus, Plaintiff contended that the foreclosure action Defendant U.S. Bank instituted against him in Pike County Court as well as the actions of this Defendant in U.S. Bankruptcy Court, which were allegedly condoned by Defendant U.S. Bankruptcy Court,  constituted "a clear case of fraud."

Thus, in his 10-1690 case, Plaintiff  asserted the same  Fourteenth Amendment due process claim against Defendant U.S. Bank with respect to the deprivation of his Dingmans Ferry property as he again asserts in the instant case, 11-2057.

---

dismissed claims he raised in his 09-1705 case.
     As noted above, on February 25, 2010, the Court dismissed Plaintiff's previous action, case # 09-1705.  *See Klein v. U.S. Bank, N.A.*, 2010 WL 703255 (M.D. Pa. 2-25-10).  Also, as noted, on December 3, 2010, the Court dismissed Plaintiff's case #10-1690.  *See Klein v. U.S. Bank,* 2010 WL 5014351 (M.D. Pa. 3-03-2010).

The Summons was issued in the present case as to Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC , Defendant Smyser and Defendant U. S.  However, it does not appear that Plaintiff properly served the Summons and his Complaint on Defendants.  (Doc. 6, p. 2 and Doc. 8).

This Court has jurisdiction over Plaintiff's action under 28 U.S.C. §1331.  *See Easley v. New Century Mortg. Corp.*, 2010 WL 3622511, *1 (3d Cir. 9-20-10).  Plaintiff properly filed his action in the United States District Court for the Middle District of Pennsylvania since his former property is located in the Middle District of Pennsylvania, and his claims relate to events occurring in the Middle District of Pennsylvania.  (*See* Doc. 1).

## II.  Motion to Dismiss Standards.

1. *Failure to State a Claim, Rule 12(b)(6)*

In  *Reisinger v. Luzerne County*,712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp*. v. *Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).  *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal

elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

Where  the parties submit exhibits with their filings, a court must determine what documents may be considered with a motion to dismiss. In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6)of the Federal Rules of Civil Procedure, the Third Circuit Court of Appeals had held that "a court can consider certain narrowly defined types of material without converting the motion to dismiss" to one for summary judgment. *In re Rockefeller Center Properties, Inc. Securities Litigation,* 184 F.3d 280, 287 (3d Cir. 1999). Specifically, a court can consider "a document integral to or explicitly relied upon in the complaint ... [and] an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." ( *Id.* (internal citations and quotation omitted).) The Circuit Court explained the rationale for these exceptions: "the primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff-is dissipated where plaintiff has actual notice and has relied upon these documents in framing the complaint." FN11 *Id.* (internal citations and quotations omitted).) Matters of public record, including government agency records and judicial records, may be considered. *Jean Alexander*

*Cosmetics, Inc. v. L'Oreal USA, Inc.,* 458 F.3d 244, 257 n. 5 (3d Cir.2006) (citation omitted); *Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

2. *Subject Matter Jurisdiction, Rule 12(b)(1)*

In *Johnson v. U.S. Attorney's,* 2010 WL 2991409, *1 (E.D. Pa. 7-27-10), the Court stated

the standard of review with respect to a Rule 12(b)(1) Motion as follows:

> Pursuant to Federal Rule of Civil Procedure 12(b)(1), when "considering a motion to dismiss for lack of subject matter jurisdiction, the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Fed. Realty Inv. Trust v. Juniper Props. Group,* No. 99-3389, 2000 WL 45996, at *3 (E.D.Pa.2000) (citing *Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1045 (3d Cir.1993)). The district court, when reviewing a motion to dismiss for lack of subject matter jurisdiction, "must accept as true the allegations contained in the plaintiff's complaint, except to the extent federal jurisdiction is dependent on certain facts." *Id.* (citing *Haydo v. Amerikohl Mining, Inc.,* 830 F.2d 494, 496 (3d Cir.1987)). The district court is not confined to the face of the pleadings when deciding whether subject matter jurisdiction exists. *Id.* (citing *Armstrong World Indus. v. Adams,* 961 F.2d 405, 410, n. 10 (3d Cir.1992)). "In assessing a Rule 12(b) (1) motion, the parties may submit and the court may consider affidavits and other relevant evidence outside of the pleadings." *Id.* (citing *Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police,* 920 F.2d 198, 200 (3d Cir.1990)).

## III. Discussion.

As discussed, Plaintiff is again asserting fraud and conspiracy claims against Defendants U.S.

Bank, N.A. and GMAC Mortgage, LLC.  Plaintiff again alleges that U.S. Bank defrauded him during

the Pike County foreclosure process with respect to his Dingmans Ferry house.  Plaintiff states that

he did not have his mortgage loan on his house with Defendant U.S. Bank/GMAC, and that

Defendant U.S. Bank did not posses the mortgage and failed to produce the Note proving that it

could foreclose on his house.  Plaintiff also states that Defendant U.S. Bank failed to accept his

$9000 payment in March 2009.  Thus, Plaintiff seems to again allege that Defendant U.S. Bank did

not show that it was legally assigned his mortgage loan and that it had the right to foreclose on his house.  Additionally, Plaintiff seems to again state that his mortgage loan was illegally transferred to Defendant U.S. Bank and that U.S. Bank had no right to foreclose on his house.  Moreover, Plaintiff seems to allege that as a result of U.S. Bank's defrauding the courts, it was allowed to foreclose on his mortgage and take his house without due process.  Further, Plaintiff now avers that Defendant Smyser and Defendant U.S. are liable since "Judge Smy[s]er has not stop (sic) the foreclosure in case no[.] 3:11-cv-1466."  (Doc. 1, p. 1).  In addition to Plaintiff's 11-1466 case, Defendant Magistrate Judge Smyser was assigned Plaintiff's 09-1705 case, and he recommended that 09-1705 be dismissed.   The Court adopted Defendant Magistrate Judge Smyser's recommendation in Plaintiff's 09-1705 case.  (Doc. 6-1).

Initially, we again find that Plaintiff's present Complaint, like his prior pleading in No. 10-1690, is in clear violation of Fed. R. Civ. P. 8.  *Pro se* parties are accorded substantial deference and liberality in federal court.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  They are not, however, free to ignore the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.  *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.").

In order to comply with Rule 8, a Complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986); *Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *4.

Under even the most liberal construction, Plaintiff's Complaint is in clear violation of Rule 8.  It does not give any Defendant  fair notice of what Plaintiff's claims against them are and the grounds upon which they rest.  Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure.  It certainly does not set forth in brief, concise, and understandable terms the personal conduct of each Defendant about which Plaintiff is complaining.

1.      *Motion to Dismiss of Defendants United States and Magistrate Judge Smyser (Doc. 7)*

As mentioned, Plaintiff seems to allege that  Defendants United States and Magistrate Judge Smyser failed to prevent, in his 11-1466, M.D. Pa. case, an illegal foreclosure action which Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC, instituted against him.  Defendants United States and Magistrate Judge Smyser argue that sovereign immunity bars this court's subject matter jurisdiction over Plaintiff's official capacities claims against them.  Defendants United States and Magistrate Judge Smyser also argue that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

Insofar as Plaintiff is suing Defendants United States and Magistrate Judge Smyser for violations of his civil rights, *i.e.* depriving him of his property without due process,  the law is clear

that *Bivens*[6] "only authorizes suit against federal officials in their individual capacities and not against the United States and federal agencies." *Goodson v. Maggi*, 2010 WL 1006901, *7 (W.D. Pa. 2-22-10); *Debrew v. Auman*, 354 Fed. Appx. 639, 641 (3d Cir. 2009)("no claims [under *Bivens*] could properly be brought against Defendants in their official capacities.")(citation omitted).  As such, we will recommend that Defendants United States and Magistrate Judge Smyser be dismissed based on the doctrine of sovereign immunity.  *See Conway v. Lindsay*, 2008 WL 2562949, *2 (M.D. Pa. 6-24-08), *citing F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

The Court in *Johnson* stated:

> An action brought against federal agencies, or federal employees in their official capacities, is effectively an action against the United States. *Ky v. Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). It is well settled that the United States has sovereign immunity except where it consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Sovereign immunity extends to government agencies and employees sued in their official capacities. *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir.1996). In addition, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Mitchell,* 445 U.S. at 538.
> First, regarding Johnson's constitutional claims against the Federal Defendants, Congress has never waived sovereign immunity for constitutional tort claims against the United States, its agencies, or employees sued in their official capacity. *FDIC v. Meyer*, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Graham,* 473 U.S. at 166-68. In addition, Congress has not waived sovereign immunity for RICO claims, *Jennette v. Holsey,* No. 06-874, 2006 WL 1984734, at *1 (M.D.Pa. May 31, 2006); *Delker v. United States,* No. 86-2712,

---

[6]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).  Plaintiff's action as against Defendants United States and Magistrate Judge Smyser falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).
    Plaintiff's case against Defendants Magistrate Judge Smyser is a *Bivens* action, in part, since he seeks monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

1986 WL 11701, at *1 (E.D.Pa. Oct.16, 1986), or for claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, and negligent failure to prevent conspiracy to interfere with civil rights under 42 U.S.C. § 1986. *Davis v. U.S. DOJ,* 204 F.3d 723, 726 (7th Cir.2000); *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir.1999); *Biase v. Kaplan,* 852 F.Supp. 268 (D.N.J.1994); *Wilson v. Rackmill,* No. 87-456, 1990 WL 63504 at *4 (E.D.Pa. May 11, 1990).

Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *FDIC,* 510 U.S. at 475. Thus, because the United States has not waived its sovereign immunity for constitutional tort, RICO, or §§ 1985 and 1986 claims against its agencies or its federal employees in their official capacities, these claims against the Federal Defendants must be dismissed for lack of subject matter jurisdiction pursuant Federal Rule of Civil Procedure 12(b)(1).

2010 WL 2991409, *2-*3.

Since Defendants United States and Magistrate Judge Smyser are being sued in their official capacities, we will recommend that Plaintiff's claims against them be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

As discussed below, we also agree with Defendants United States and Magistrate Judge Smyser that Plaintiff's present action, as we recently found with respect to Plaintiff's almost identical 10-1690 case, is barred by the *Rooker-Feldman* doctrine.

Moreover, we agree with Defendants United States and Magistrate Judge Smyser that Magistrate Judge Smyser is entitled to judicial immunity with respect to Plaintiff's claims that Magistrate Judge Smyser failed to prevent the foreclosure of his house in his prior case 11-1466. As stated, Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC, attached to their Motion a copy of Magistrate Judge Smyser's R&R he issued in Plaintiff's 11-1466 case in which he recommended that Defendants' Motions to Dismiss be granted.  (Doc. 6-1).   The District Court adopted Magistrate Judge Smyser's R&R in case number 11-1466.

To the extent that Plaintiff is raising constitutional claims against Defendant Magistrate Judge Smyser and he is seeking money damages, we will recommend that these claims against this Defendant be dismissed with prejudice.   We find that Plaintiff's claims against the judicial Defendant in this case are barred based on the doctrine of judicial immunity.  We find that judicial immunity bars Plaintiff's instant suit against Defendant Magistrate Judge Smyser since  Plaintiff sues Smyser entirely for acts taken in his judicial capacity with respect to Plaintiff's 11-1466 case.  (Doc. 6-1).  *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Clark v. Conahan*, 737 F.Supp. 2d 239, 255-56 (M.D. Pa. 2010); *Dougherty v. Snyder*, 2011 WL 1871226, *13; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d 672, 696 W.D. Pa. 2009). Plaintiff's suit against Defendant Magistrate Judge Smyser pertains to actions taken by him within his jurisdiction and within his official judicial capacity.   As such, the actions of Defendant Magistrate Judge Smyser are entitled to absolute judicial immunity.

In *Clark*, 737 F.Supp. 2d at 256, the Court stated:

> For judicial immunity to apply, only two requirements must be met: 1) jurisdiction over the dispute, and 2) a judicial act. *Id.* at *7. As to the first, a judge is not immune only when he has acted in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted). As to the second prong, judicial immunity extends only to "judicial acts," not administrative, executive, or legislative ones. *Id.* at 360–61, 98 S.Ct. 1099. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump,* 435 U.S. at 356, 98 S.Ct. 1099 (citation omitted). The fact that the judge was incorrect about the status of jurisdiction or that there were procedural errors causing the judge to act without jurisdiction does not satisfy the requirements for defeating immunity. *Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 771 (3d Cir.2000). In determining whether an act is judicial, it is appropriate to consider 'the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge,' and 'the expectations of the parties, *i.e.,* whether they dealt with the judge in his official capacity.' " *Wallace,* 2009 WL 4051974, at *7 (quoting *Stump,* 435 U.S. at 362,

98 S.Ct. 1099). "Acts which are traditionally done by judges include issuing orders, resolving cases and controversies, making rulings, and sentencing criminal defendants. Other actions such as sending a fax, or hiring and firing subordinates, have been found to be administrative, rather than judicial, acts. Note, however, that even if an act is not judicial, there may be still be immunity if the act is legislative or executive in nature." *Id.*

We find that Defendant Magistrate Judge Smyser, who was assigned Plaintiff's 11-1466 case for pre-trial matters, is entitled to absolute judicial immunity with respect to all of Plaintiff's damages claims against him in his individual capacity.  Thus, we find that Plaintiff's present claims against Defendant Magistrate Judge Smyser, as detailed above, relate to the performance of his judicial duties in handling the pre-trial matters of Plaintiff's 11-1466 case, and that these claims for damages against this judicial Defendant in his individual capacity are precluded by absolute judicial immunity.  *See Stankowski*, 487 F. Supp. 2d 543; *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7 (M.D. Pa.);  *Rush v. Wiseman*, 2010 WL 1705299, *7; *Clark*, 737 F.Supp. 2d at 256; *Dougherty v. Snyder*, 2011 WL 1871226, *13; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d at 696; *Brookhart v. Rohr*, 385 Fed. Appx. 67, 70 (3d Cir. 2010)("judges are absolutely immunized from a suit for money damages arising from their judicial acts.")(citations omitted).

Based upon the above, we will recommend that the Court grant the Motion to Dismiss of Defendants United States and Magistrate Judge Smyser, and that these two Defendants be dismissed with prejudice.  As discussed above in light of sovereign immunity and judicial immunity, we  find that the Court should not allow Plaintiff to amend his Complaint with respect to his claims against these two Defendants, since we find it would be futile.  *See Clark*, *supra.*; *Stankowski, supra.*. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose

Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).[7]

   2.  *Motion to Dismiss of Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC (Doc. 6)*

Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC point out that they were not properly served with Plaintiff's Complaint.  As stated, these Defendants appear to be correct. Regardless, we will consider the merits of their Motion.[8]  Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC argue that Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine, claims preclusion, *res judicata* and the statute of limitations, and that it fails to state a claim.  We agree with each contention of Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC.

The background of Plaintiff's underlying mortgage foreclosure action filed against him in Pike County by Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC was detailed by this Court in Plaintiff's prior civil action he filed in Civil No. 09-1705, M.D. Pa.  As noted, on February 25, 2010, the Court dismissed Plaintiff's previous M.D. Pa. action, case # 09-1705.  *See Klein v. U.S. Bank, N.A.*, 2010 WL 703255 (M.D. Pa. 2-25-10).  In its February 25, 2010 decision issued in Plaintiff's previous action, case # 09-1705,  *Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *3, the Court stated:

> The plaintiff [Dennis Klein] alleges that he was in Bankruptcy Court from
> December of 2006 to March of 2009. He alleges that he was making

---

[7]Further as discussed below, since we also agree with Defendants United States and Magistrate Judge Smyser that Plaintiff's claims are precluded by the *Rooker-Feldman* doctrine, this too demonstrates the futility in allowing Plaintiff leave to amend his Complaint.

[8]As noted above, Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC are separate entities, and we shall refer to them herein as such.

payments to U.S. Bank during that time. He alleges that once the bankruptcy was done, U.S. Bank told him that they will no longer accept his payments. He alleges that this is the second time that the bank refused to accept his payments. He alleges that the first time the bank refused to accept his payments was in December of 2006 and that he had to file bankruptcy. The plaintiff alleges that it was  U.S. Bank's intention all along to defraud him of his house.

The plaintiff alleges that in April of 2009, he requested that defendant U.S. Bank provide him a copy of the note. He alleges that because the bank did not produce the note he believes that they can not produce the note. He alleges that in June of 2009 he demanded in court papers that defendant U.S. Bank produce the note on his house within thirty days. He alleges that he "put a notice of default against them" in July of 2009. He alleges that he believes that the Clerk of the Pike County Court did not file his papers.

Additionally, we quote from the Pike County Court of Common Pleas' Order issued on August 29, 2007, in the state mortgage foreclosure action Defendant U.S. Bank filed against Plaintiff, Civil No. 803-2007.  The Pike County Court of Common Pleas ordered as follows:

> The Plaintiff [U.S. Bank, N.A.] is entitled to Summary Judgment as a matter of law; Judgment, in rem, shall be entered in favor of Plaintiff and against Defendant Dennis R. Klein, in the amount of $95,101.05 (as calculated from the Complaint) together with ongoing per diem interest, escrow advances, and any additional recoverable costs to date of Sheriff's Sale; and for foreclosure and sale of the mortgaged property.

(*See* Doc. 6-1, pp. 2-4).[9]

As stated above, while we agree with Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC that Plaintiff's Complaint was not properly served upon them, that Plaintiff's Complaint fails to

---

[9]As the Court did in Plaintiff's prior action, #09-1705, we take judicial notice of the Order of the Pike County Court of Common Pleas granting Defendant U.S. Bank judgment in its mortgage foreclosure action against Plaintiff.  *See Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *3, n. 1(citation omitted).

comply with Rule 8, and that it fails to state in understandable fashion each element of his claims and sufficient facts to support each element, we will not recommend that Plaintiff's action be dismissed on these grounds.  Rather, we agree with Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC that Plaintiff's Complaint should be dismissed with prejudice based upon the *Rooker-Feldman* doctrine and based on *res judicata*.  In fact, in Plaintiff's 10-1690 case, the Court dismissed with prejudice the same claims Plaintiff previously asserted against Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC.

Moreover, we find Plaintiff's present case is very similar to the case of *Conklin v. Anthou*, Civil No. 10-2501, M.D. Pa., which was recently dismissed by the Court on January 20, 2012.

In the *Conklin* case, Plaintiff filed an appeal of the Order of the District Court denying his preliminary injunction motion regarding a sheriff's sale of his property and to prevent his ejectment from the property.  The Third Circuit recently affirmed the District Court's denial of Conklin's injunction motion and found, in part, that "to the extent that Conklin seeks redress for injuries caused by the state courts' judgments, including the judgment against him in the [York County] foreclosure action and related sale of his property pursuant to the judgment, the District Court correctly concluded that the Rooker-Feldman doctrine bars his claims."(citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165-66 (3d Cir. 2010)).  C.A. No. 11-2466, slip op. p. 5 (3d Cir. 1-20-12).  The Third Circuit also held that Conklin's claims related to the state court foreclosure and ejectment proceedings, including his questioning the veracity of the mortgage documents, were likely barred by *res judicata*.  *Id*. (citation omitted).  We find the *Conklin* case directly on point with the present case.

A. *Rooker-Feldman doctrine*

In *McFall v. Register of Wills for Bucks County, PA*, 352 F. Supp. 2d 544, 547 (E. D. Pa. 2004), the Court stated:

> A recent Third Circuit decision describes the *Rooker-Feldman* doctrine:
>
> The *Rooker-Feldman* doctrine, which derives its name from the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), "preclude[s] lower federal court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state's courts."
>
> *Desi's Pizza, Inc. v. City of Wilkes-Barre,* 321 F.3d 411, 418 (3d Cir.2003) (quoting *Parkview Assocs. Pshp. v. City of Leb.,* 225 F.3d 321, 325 (3d Cir.2000) (citations omitted)). A claim has not been "actually litigated" for purposes of the *Rooker-Feldman* doctrine if the plaintiff did not present the federal claims in the state court proceeding or if the state court's opinion "contains no discussion of any issues of federal law." *Desi's Pizza, Inc.,* 321 F.3d at 420-21. A claim is not "inextricably intertwined" unless "the federal court must determine that the state court judgment was erroneously entered" in order to grant the federal plaintiff the relief sought or "the federal court must ... take action that would render [the state court's] judgment ineffectual." *Id.* at 421 (citations omitted).

Plaintiff Klein again seems to request as relief that this Court vacate the state court order permitting Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC Defendant to foreclose on his Dingmans Ferry property, and to vacate the Defendant U.S. Bankruptcy Court's order recognizing the proof of claim of Defendants in his Chapter 13 bankruptcy case and order granting Defendants relief from the automatic stay with respect to Plaintiff's property. (*See* Doc. 6-1, p. 8). Plaintiff avers that Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC failed to prove, since 2006, that they had ownership of the loans on his property and that they had the legal right to foreclose on the loans and sell his property. Plaintiff again seems to assert that these court orders should be vacated

since Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC defrauded him of his house and failed to prove that they had the legal right to foreclose on his house since they never produced the Note showing that they had authority to do so.  As stated, Plaintiff avers that Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC, are trying to defraud him of his house in violation of his civil rights. (Doc. 1).[10]

Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC state in their reply brief that on December 1, 2011, the Bankruptcy Court denied Plaintiff's request to grant him a stay of the sheriff's sale of his house which was scheduled for December 14, 2011.[11]  (Doc. 11, p. 3).

Insofar as Plaintiff again appears to request[12] this Court to vacate the orders of the state court regarding the mortgage foreclosure judgment Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC obtained against him, we again agree with Defendants that such relief is clearly barred by the *Rooker-Feldman* doctrine.  *See Klein v. U.S. Bank,* 10-1690, M.D. Pa.; *Conklin, supra*;  *Hansford v. Bank of America*, 2008 WL 4078460,* 5 (E. D. Pa.) (any claim that would "effectively undo" the state court's foreclosure judgment and its finding that a valid mortgage existed is "inextricably

---

[10]As discussed below, Plaintiff could have appealed the decisions of the U.S. Bankruptcy Court to the U.S. District Court M.D. Pa.
    Also, Plaintiff could have asserted a fraud claim against Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC and its proof claim in the Bankruptcy Court.  Further, Plaintiff could have asserted his fraud claims against Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC in the Pike County mortgage foreclosure action in opposing Defendants' Summary Judgment Motion. (Doc. 6-1, pp. 2-4).

[11]The parties did not supplement their filings in the present case to indicate whether the Pike County Sheriff's sale of Plaintiff's house occurred on December 14, 2011.

[12]As Defendants recognizes and as we have pointed out, Plaintiff is not clear about the relief he seeks in his Complaint and his Complaint is in violation of Fed. R. Civ. P 8.

intertwined" with a prior state court judgment, and the Court lacks jurisdiction over such claim

under the *Rooker-Feldman* Doctrine); *Jacobowitz v. M&T Mortgage Corporation*, Civil No. 09-1332,

M.D. Pa. 10-5-09, aff'd. 372 Fed. Appx. 225 (3d Cir. 3-24-10).

In fact, in Plaintiff's prior, almost identical case with this Court, *Klein v. U.S. Bank, N.A.*, 2010

WL 703255, *7-*8, the Court stated:

> To the extent that the plaintiff is seeking in claims in this case to overturn
> the foreclosure decision of the state court, this court lacks subject-matter
> jurisdiction over such claims pursuant to the *RookerFeldman* doctrine.
>
> The *Rooker-Feldman* doctrine embodies the principles set forth in *Rooker v.
> Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and
> *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct.
> 1303, 75 L.Ed.2d 206 (1983). Section 1257 of Title 28 of the United States
> Code confers on the United States Supreme Court appellate jurisdiction to
> review final judgments of the states' highest courts. The *Rooker-Feldman*
> doctrine is the doctrine that, by negative implication, inferior federal courts
> lack subject matter jurisdiction to review final judgements of the states' highest
> courts. *E.B. v. Verniero,* 119 F.3d 1077, 1090 (3d Cir.1997). The
> *Rooker-Feldman* doctrine has been interpreted to also apply to final
> decisions of lower state courts. *Id.* "District courts lack subject matter
> jurisdiction once a state court has adjudicated an issue because
> Congress has conferred only original jurisdiction, not appellate jurisdiction,
> on the district courts." *In re Gen. Motors Corp. Products Liability Litigation,*
> 134 F.3d 133, 143 (3d Cir.1998). The existence of a state court judgment in
> another case bars a subsequent federal proceeding under *Rooker-Feldman*
> "when entertaining the federal court claim would be the equivalent of an
> appellate review of that order." *FOCUS v. Allegheny County Court of Common
> Pleas,* 75 F.3d 834, 840 (3d Cir.1996). "Under the *Rooker-Feldman*
> doctrine, lower federal courts cannot entertain constitutional claims that
> have been previously adjudicated in state court or that are inextricably
> intertwined with a state adjudication." *Whiteford v. Reed,* 155 F.3d 671,
> 673-74 (3d Cir.1998). In other words:
>
> Rooker-Feldman precludes a federal action if the relief requested in the federal
> action would effectively reverse the state decision or void its ruling. Accordingly,
> to determine whether *Rooker-Feldman* bars [a] federal suit requires
> determining exactly what the state court held ... If the relief requested in

the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit.

*Whiteford, supra,* 155 F.3d at 674 (quoting *FOCUS, supra,* 75 F.3d at 849). Insofar as the plaintiff requests this court to vacate the order of the state court regarding the mortgage foreclosure judgment such relief is barred by the *Rooker-Feldman* Doctrine. The state court, in the mortgage foreclosure action filed against the plaintiff, had to have determined that defendant U.S. Bank's foreclosure on the plaintiff's home was valid. The plaintiff's request that this Court "stop the foreclosure" is in essence a request to vacate the determination of the state court and to render the state court's foreclosure judgment void. This Court is precluded by the *Rooker-Feldman* Doctrine from doing so.

We construe Plaintiff's present fraud and due process claims, similar to his claims in his prior cases, to be that the mortgage loan on his house could not be legally assigned to Defendant U.S. Bank and that Defendant U.S. Bank failed to produce documents, including the Note, proving that it had the right to foreclose on his house.  The Pike County state court, in the mortgage foreclosure action Defendant U.S. Bank filed against Plaintiff, clearly determined that the assignment of the mortgage loan on Plaintiff's Dingmans Ferry house was valid and that U.S. Bank had the right to foreclose on Plaintiff's mortgage loan.  (Doc. 6-1, pp. 2-4).  We again find that Plaintiff is seeking this Court to vacate this determination of the state court and to render the state court's foreclosure judgment as void.  We also find that Plaintiff is again seeking this Court to find that Defendant U.S. Bankruptcy Court condoned the fraud of Defendant U.S. Bank in his Chapter 13 bankruptcy case by allowing U.S. Bank to file a proof of claim despite the fact that U.S. Bank could not validate its claim by producing the Note.

As this Court has repeatedly held in Plaintiff Klein's cases, this Court is precluded by the *Rooker-Feldman* doctrine from vacating the state court's judgment since this would have the effect

of undoing the state court foreclosure action. *Conklin, supra; Hansford v. Bank of America*, 2008

WL 4078460, * 5; *Jacobowitz v. M&T Mortgage Corporation*, Civil No. 09-1332, M.D. Pa.; *Klein

v. U.S. Bank, N.A.*, 2010 WL 703255, *7-*8. We find that Plaintiff's present claims are "inextricably

intertwined" with the Pike County Court's adjudication. Thus, Plaintiff's attempt to set aside the

state court's order regarding the state mortgage foreclosure action Defendant U.S. Bank instituted

against him, and the judgment entered in favor of U.S. Bank, is barred by the *Rooker-Feldman*

doctrine. Under the *Rooker-Feldman* doctrine, this Court is precluded from exercising subject

matter jurisdiction over Plaintiff's present action and it should be dismissed under Rule 12(b)(1).

*See Jacobowitz v. M&T Mortgage Corporation*, *supra*.

> As the *Hansford* Court stated:

>> This conclusion is supported by decisions of courts in this Circuit. The
>> court of appeals has held that the *Rooker-Feldman* doctrine bars claims for
>> rescission if such claims would have the effect of undoing a state court
>> foreclosure action. *See, e.g., Ayres-Fountain v. Eastern Savings Bank,* 153 F.
>> App'x 91, 92 (3d Cir.2005) (holding that court lacked jurisdiction to resolve
>> rescission claim because it was "inextricably intertwined" with state court
>> default judgment in foreclosure); *Knapper,* 406 F.3d at 580 (holding
>> that *Rooker-Feldman* doctrine applied to prevent bankruptcy court from
>> exercising subject matter jurisdiction over adversary proceeding brought by
>> Chapter 13 debtor to set aside state foreclosures and sheriff's sales); *see also
>> In re Faust,* 353 B.R. 94 (E.D.Pa.2006) (following entry of judgment in
>> lender's favor in state court mortgage foreclosure action, *Rooker-Feldman*
>> doctrine barred rescission claim, but did not bar action to recoup money
>> damages); *Stuart,* 367 B.R. at 549-50 (holding that under
>> *Rooker-Feldman,* bankruptcy court lacked jurisdiction over rescission
>> claim where mortgage was subject to foreclosure judgment in state court);
>> *Cooley,* 365 B.R. at 470-73 (same); *Reagoso,* 2007 WL 1655376, at *2-3
>> (same).

2008 WL 4078460,* 5; *Laychock v. Wells Fargo Home Mortg.*, 2008 WL 2890962, * 2 - * 3 (E.D.

Pa.); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 Fed. Appx. 149, 152-53) (3d Cir. 2008) ("to

the extent that [plaintiff] seeks to 'appeal from' the state court's foreclosure judgment, the District Court correctly dismissed the claim under *Rooker-Feldman*.") (citation omitted); *Collazo v. Option One Mortg. Corp.*, 2009 WL 3856671 (11-16-09).

We find that the *Rooker-Feldman* doctrine bars Plaintiff's present fraud claims against Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC since adjudicating these claims would mean that "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment ... ." *In re Knapper*, 407 F. 3d 573, 581 (3d Cir. 2005)(citation omitted). Thus, the *Rooker-Feldman* doctrine "does not allow a Plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders." *Id.*(citation omitted).  We also find that Plaintiff's instant fraud claims against Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC relate to alleged wrongs which occurred during the Pike County mortgage foreclosure action and that they could have been presented by Plaintiff to this state court.  We find that the Pike County Court's foreclosure judgment it granted to U.S. Bank (Doc. 6-1, pp. 2-4) would be directly implicated by a finding by this Court in the present case that Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC committed fraud during the state court foreclosure case.

### B.  Pennsylvania Preclusion Doctrine

Additionally, we agree with Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC that Plaintiff's present attempt, once again, to relitigate the state court foreclosure action is not permitted based on Pennsylvania's preclusion doctrine.  In *Moncrief v. Chase Manhattan Mortg. Corp.*, the Court stated:

> It appears that Moncrief also seeks to relitigate the foreclosure action, which, while not barred by *Rooker-Feldman*, is prohibited by Pennsylvania preclusion doctrine.  Federal courts are required to give state court judgments the same preclusive effect that the issuing state courts would give them.  *See Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997).  Under Pennsylvania law, claim preclusion is a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action.  Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action.  [Claim preclusion] applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.  *Balent v. City of Wilkes-Barre*, 542 Pa. 555, 669 A2d. 309, 313 (1995) (internal citations omitted).

275 Fed. Appx. 149, 153 (3d Cir. 2008)(footnote omitted).

As this Court has repeatedly found in Plaintiff's prior cases, Plaintiff could have litigated in state court his present claims challenging the mortgage foreclosure action Defendant U.S. Bank filed against him in Pike County.  The Pennsylvania claim preclusion doctrine now prohibits such claims.

Moreover, as the *Hansford* Court stated:

> Claim preclusion, or *res judicata,* "prohibits reexamination not only of matters actually decided in the prior case, but also those that the parties might have, but did not assert in that action ." *Williams v. City of Allentown,* 25 F.Supp.2d 599, 602 (E.D.Pa.1998) ( *citing Edmundson v. Borough of Kennett Square,* 4 F.3d 186, 189 (3d Cir.1993)).  In order to successfully invoke claim preclusion, a party must show that there has been: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Industries, Inc.,* 746 F.2d 977, 983 (3d Cir.1984).  "All facts, allegations, and legal theories which support a particular claim, as well as all possible remedies and defenses, must be presented in one action or are lost." *Williams,* 25 F.Supp.2d at 602 ( *citing* 18 James Wm. Moore, et al., Moore's Federal Practice § 131.01 (3d ed.1998)).

2008 WL 4978460 at *5-*6; *Collazo*, 2009 WL 3856671, * 5.

24

Thus, insofar as Plaintiff alleges that the foreclosure action instituted by Defendant U.S. Bank in Pike County was based on fraud and that Defendant U.S. Bank did not have a legal right to foreclose on his house, these claims are barred by Pennsylvania's preclusion doctrine since they are based on the same transaction that was at issue in the state court mortgage foreclosure action. *Id.*; *Laychock*, 2008 WL 2890962, *4; *Jacobowitz v. M&T Mortgage Corporation*, *supra*. Further, this Court has recently found in *Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *7-*8, that Plaintiff's claims attacking the Pike County Court's foreclosure judgment, and attacking Defendant U.S. Bank's legal interest in his house and the right to foreclose on it, are barred by the *Rooker-Feldman* doctrine. *See also Conklin, supra*. Thus, Plaintiff's instant action is also barred by the preclusion Pennsylvania doctrine.

### C. Res Judicata

Additionally, as Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC point out, Plaintiff's claims are barred under *res judicata*. In *Easley*, the Court stated:

> In Pennsylvania, [FN3] a claim is barred under res judicata if it shares four conditions in common with an earlier claim: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner,* 449 F.3d at 548. Easley's CPL [fraud] claim is based on allegations related to her mortgage, including events leading up to its execution, and events leading up to and including the foreclosure. The "thing sued upon" is therefore the same, as are the parties, whose capacities to sue and be sued are not in dispute.
>
> FN3. Federal courts are required to give state court judgments the same preclusive effect that the issuing state courts would give them. *See Rycoline Prods., Inc. v. C & W Unlimited,* 109 F.3d 883, 887 (3d Cir.1997).

2010 WL 3622511, *3.

We find that Plaintiff's present fraud claims against Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC are related to the assignment of the mortgage loan to U.S. Bank, as well as the foreclosure action U.S. Bank instituted against Plaintiff, and that Plaintiff could have asserted his present claims in the Pike County foreclosure action. *Id.* Further, Plaintiff "is also precluded under *res judicata* from raising the [fraud] claim if [he] could have brought the claim in the bankruptcy proceeding." *Id.* In *Easley*, the Court stated:

> In *Eastern Minerals & Chemicals Co. v. Mahan,* 225 F.3d 330, 337-38 (3d Cir.2000), we held that "c]laim preclusion [does not bar] every conceivable claim that could have been brought in the context of a bankruptcy case," and that "a claim should not be barred unless the factual underpinnings, theory of the case, and relief sought against the parties to the proceeding are so close to a claim actually litigated in the bankruptcy that it would be unreasonable not to have brought them both at the same time in the bankruptcy forum." We cannot imagine how her claim could be any more closely related to New Century's assertions in the bankruptcy case that it held the mortgage and that payments were due.

2010 WL 3622511, *3.

Also, to the extent Plaintiff is deemed as requesting this Court to vacate the Bankruptcy Court's finding that Defendant U. S. Bank's proof of claim filed in his latest Chapter 13 case was valid, that the mortgage loan on his house was assignable to U.S. Bank, and that he was not entitled to a stay preventing the December 14, 2011 sheriff's sale of his house, Plaintiff could have filed an appeal of these decisions to the District Court, Middle District of Pennsylvania, but he had to do so in a timely fashion, *i.e.*, ten days under Fed. Rule of Bankruptcy Procedure 8002(a). *See Rocco v. J.P. Morgan Chase Bank*, 255 Fed. Appx. 638, 640 (3d Cir. 2007); *Jacobowitz v. M&T Mortgage Corporation*, *supra*. Plaintiff could have then appealed any adverse decision of the District Court to the Third Circuit Court of Appeals. *Id.* ("We [Third Circuit] review the Bankruptcy Court's

decision to lift the automatic stay for abuse of discretion."). Plaintiff may now be time barred from appealing the Bankruptcy Court Orders to the District Court. *See In Re Allegheny Health Educ. & Research Foundation*, 181 Fed. Appx. 289 (3d Cir. 2006) (Third Circuit dismissed as untimely a notice of appeal of a Bankruptcy Court order to District Court outside 10-day period required under Bank Rule 8002(a)). Thus, Plaintiff could have appealed any Bankruptcy Court order which allegedly defrauded him of his house and which recognized U.S. Bank's proof of claim to the District Court and the order denying his request for a stay of the sheriff's sale of his house within ten (10) days of the Orders. *Id.* "The failure to file a timely notice of appeal deprives the District Court of jurisdiction to hear the appeal." *Id.* at 291 (citation omitted). Therefore, insofar as Plaintiff is time- barred from appealing any decision of the Bankruptcy Court to this Court, and this Court lacks jurisdiction to hear any appeal of the Bankruptcy Court's Orders.

Additionally, if Plaintiff's fraud claims against Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC raised in the present case are based on the same cause of action as to any claim Plaintiff actually asserted against Defendants in his numerous (*i.e.* six) Chapter 13 bankruptcy cases, then these claims would be barred by the doctrine of claim preclusion or *res judicata*. *See Hanford*, 2008 WL 4978460, * 5; *Jacobowitz v. M&T Mortgage Corporation*, *supra*.

Further, insofar as Plaintiff alleges that Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC are trying to defraud him of his house in violation of his his civil rights, we construe Plaintiff as claiming, in part, that his action is for civil rights violations under § 1983 alleging violations of his due process rights with respect to Defendant U.S. Bank's foreclosure action. We will recommend that this claim be dismissed as against Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC since

these Defendants are not state agencies. Defendant U.S. Bank was that the holder of mortgage loan on Plaintiff's house and GMAC Mortgage, LLC serviced the loan, and they are private corporations. As such, U.S. Bank, N.A. and GMAC Mortgage, LLC are not proper Defendants under § 1983. *See Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, * 1 (M.D. Pa.) (A private company is not an appropriate defendant in a § 1983 civil rights action because it is not acting under color of state law.)(citations omitted); *Jacobowitz v. M&T Mortgage Corporation*, 372 Fed. Appx. at 227 (M&T Mortgage Corp. was not a state agency). Further, Plaintiff's Complaint does not allege that Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC were acting under color of state law with respect to the mortgage foreclosure action U.S. Bank instituted against Plaintiff in Pike County Court. Thus, we will recommend that Plaintiff's Complaint be dismissed with prejudice as against Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC to the extent it raises a civil rights claim.

We also again find that Plaintiff's claims against Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC as to their conduct in the stated court actions and his claim that Defendants' conduct amounted to violations of his civil rights, seemingly his Fourteenth Amendment procedural due process rights, are precluded by the *Rooker-Feldman* doctrine. *See Conklin, supra; Laychock*, 2008 WL 2890962, *5. "[Plaintiffs'] constitutional deprivation depends on a finding the foreclosure was illegal. Such a finding requires deciding the state court was wrong in entering the ... mortgage foreclosure. *In re Knapper*, 40 F. 3d at 581(finding *Rooker-Feldman* precluded Knapper's due process attack on her state foreclosure judgment because federal relief would rely on a finding the state court ... judgment was 'improperly obtained'." *See also Jacobowitz v. M&T Mortgage*

28

*Corporation, supra.*

Therefore, we will recommend that any constitutional claim Plaintiff is construed as raising in his Complaint for violations of § 1983 against Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC be dismissed with prejudice.  *Id.*   Based on our above discussion as well as this Court's prior decisions in Plaintiff's cases, we find futility of allowing Plaintiff leave to amend his Complaint.  *See Alston, supra.*

Thus, we will recommend that Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC's Motion to Dismiss be granted **(Doc. 6)** and that Plaintiff's claims against these Defendants be dismissed with prejudice.  Based on Plaintiff's recent cases, 09-1705 and 10-1690, dismissing his similar claims and since any amendment of his Complaint would be futile under the *Rooker-Feldman* doctrine and *res judicata*, we shall recommend that this case be dismissed with prejudice. *See Easley*, 2010 WL 3622511, *4; *Jacobowitz v. M&T Mortgage Corporation, supra.*

   3.       *Injunction Under the All Writs Act*

As stated, Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC request that this Court issue an injunction against Plaintiff under the All Writs Act precluding Plaintiff from filing any future complaints in this Court against them without first obtaining leave of Court.   (Doc. 6-2, pp. 11-12). Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC state that such an injunction is necessary and well-founded in this case based on the pattern of groundless and vexatious cases Plaintiff has repeatedly filed with this Court.  Defendants cite to *Bush v. Phila. Police Dept.*, 387 Fed.Appx. 130, 132-33 (3d Cir. 2010).  It is within the Court's discretion to grant the injunction request Defendants make.  *Id.*  We agree with Defendants that such an injunction should be issued by the Court, in the

exercise of its discretion, in Plaintiff Klein's case.

In *Abulkhair v. Liberty Mut. Ins. Co.*, 405 Fed.Appx. 570, 574-75 (3d Cir. 2011), the Third Circuit stated:

> We have recognized that "a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court." *Chipps v. U.S. Dist. Ct.,* 882 F.2d 72, 73 (3d Cir.1989); *see In re Oliver,* 682 F.2d 443, 445 (3d Cir.1982) ("It is well within the broad scope of the All Writs Act for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that already have been adjudicated."). At the same time, "[a]ccess to the courts is a fundamental tenet of our judicial system," and "legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be." *In re Oliver,* 682 F.2d at 446. It is settled that an injunction against filing "should not be imposed by a court without prior notice and some occasion to respond." *Gagliardi v. McWilliams,* 834 F.2d 81, 83 (3d Cir.1987).

*See also Bush v. Phila. Police Dept.*, 387 Fed.Appx. at 132-33; *Fessler v. Sauer,* 2011 WL 6065051, *3 (3d Cir. 2011)("District Courts in this circuit may issue an injunction under the All Writs Act, 28 U.S.C. §1651(a), to require litigants who have engaged in abusive, groundless, and vexatious litigation to obtain approval of the court before filing further complaints.")(citation omitted).

Further, the Court in *Abulkhair v. Liberty Mut. Ins. Co.* stated that "[r]estricting a litigant's right to file suit is an 'extreme remedy' that warrants meaningful consideration of the litigant's objections prior to imposition of the injunction." *Id.* at 575(citation omitted). Plaintiff Klein was given notice of Defendants' request for an injunction since they made their request in the Doc. 6 Motion to Dismiss and Plaintiff was given an opportunity to respond to it when he filed his opposition briefs. (Docs. 10 and 13). However, Plaintiff failed to address Defendants' request for an injunction in his opposition briefs. Nonetheless, based on our above discussion and detailing Plaintiff's numerous prior cases he filed with this Court, we find that the repetitive actions Plaintiff

Klein has filed re-asserting the same claims against Defendant U.S. Bank and others regarding the Pike County foreclosure action filed against his Dingmans Ferry property and Sheriff's sale clearly demonstrate a blatant abuse of the court system. We also find that Plaintiff's repetitive actions are harassing and unduly prejudicing Defendant U.S. Bank since it has to continually defend against Plaintiff's frivolous suits. Further, based on Plaintiff's history with this Court specified above, we find that future complaints by Plaintiff are highly likely to continue. Thus, we agree with Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC that an injunction is warranted preventing Plaintiff from filing any further actions against them with this Court regarding the Pike County foreclosure action on his Michelle Lane, Dingmans Ferry, Pennsylvania, property and Sheriff's sale without first obtaining leave of Court.

## IV. Recommendation.

Based on the above, it is respectfully recommended that the Motion to Dismiss Plaintiff's Complaint of Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC, **(Doc. 6)** be granted, and that this case be dismissed with prejudice in its entirety as against these Defendants. It is also recommended that the Motion to Dismiss Defendants United States and Magistrate Judge Smyser **(Doc. 7)** be granted, and that this case be dismissed with prejudice in its entirety as against these Defendants.[13] Further, it is recommended that Defendants U.S. Bank, N.A. and GMAC Mortgage,

---

[13]Pursuant to our above discussion and based on Plaintiff 's prior cases, we find futility of any amendment of Plaintiff's stated claims against all Defendants, and we shall not recommend Plaintiff be granted leave to amend his pleading with respect to these claims. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004); *Jacobowitz v. M&T Mortgage Corp.*, 372 Fed. Appx. at 228.

LLC's request that this Court issue an injunction against Plaintiff Klein, under the All Writs Act, precluding Plaintiff from filing any future complaints in this Court against them without first obtaining leave of Court be granted.   Thus, it is recommended that the Court issue an injunction preventing Plaintiff Klein from filing any further actions against Defendants U.S. Bank, N.A. and GMAC Mortgage, LLC with this Court regarding the Pike County foreclosure action on his Michelle Lane, Dingmans Ferry, Pennsylvania,  property and sheriff's sale without first obtaining leave of Court.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: February 13, 2012**

IN THE UNITED STATES DISTRICT COURT

---

As the Court stated in *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. Pa.):

> *Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston,* 363 F.3d at 235; *see, e.g., Gurreri v. Adams County Prison,* Civil No. 3:CV-07-2198, 2008 WL 170599, at *2 (M.D.Pa. Jan.17, 2008) (affording the plaintiff an opportunity to amend his complaint after inappropriately naming the county prison as a defendant). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recovery is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002).

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS KLEIN,                          :
                                       :        CIVIL ACTION NO. **3:CV-11-2057**
                                       :
            Plaintiff                  :        (Judge Caputo)
                                       :
            v.                         :        (Magistrate Judge Blewitt)
                                       :
U.S.A., et al.,                        :
                                       :
                                       :
            Defendants                 :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **February 13, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis

33

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge


**Dated: February 13, 2012**